UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGINALD NEALY | ) |
| | ) JURY TRIAL DEMANDED |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-18-621-F |
| | ) |
| SEQUIUM ASSET SOLUTION D/B/A | ) |
| FOCUS RECEIVABLES | ) |
| MANAGEMENT, | ) |
| Defendant. | ) |
| | ) |

---

ORIGINAL COMPLAINT

---

## I.    INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff Reginald Nealy, an individual consumer, against Defendant Sequium Asset Solution d/b/a Focus Receivable Management for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.   PARTIES

3.  Plaintiff Reginald Nealy is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4.  Upon information and belief, Defendant Sequium Asset Solution d/b/a Focus Receivable Management is a Georgia corporation with its principal place of business located at 1130 Northchase Pkwy SE Ste. 15, Marietta, GA 30067.

5.  Defendant Sequium Asset Solution d/b/a Focus Receivable Management is engaged in the collection of debt from consumers using the mail and telephone.

6.  Defendant Sequium Asset Solution d/b/a Focus Receivable Management regularly attempt to collect consumers' debts alleged to be due to another.

## IV.   FACTS OF THE COMPLAINT

7.  Defendant Sequium Asset Solution d/b/a Focus Receivable Management (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.  On or about April 27, 2018, Mr. Nealy applied for and was denied a mortgage.  Mr. Nealy subsequently obtained a copy of her credit report and noticed incomplete, inaccurate, and false information.

9.  On the report, Mr. Nealy observed a trade line from the Debt Collector in the amount of $1,115 with an account number 26923491 allegedly owned to Cox Communications.

10. The information provided by Debt Collector on Mr. Nealy's credit report is false and unverifiable without any supporting account level documentation.

11. On or about April 27, 2018, Mr. Nealy sent a dispute letter to Equifax disputing the accuracy and the completeness of the information and re quested account-level documentation from Debt Collector.

12. On or about May 27, 2018, Mr. Nealy received re-investigation results from Equifax regarding the dispute that Mr. Nealy mailed on or about April 27, 2018.

13. On the report, Mr. Nealy verified the information but failed to notate the dispute with Equifax.

3

14. Upon information and belief, Equifax sent a dispute communicating to Debt Collector providing all relevant information pursuant to 15 U.S.C. § 1681i(a)(2).

15. Debt Collector materially lowered Mr. Nealy's credit score by failing to disclose Mr. Nealy's dispute.

16. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Nealy's and caused credit denials, severe humiliation, and emotional distress and mental anguish.

## V.    FIRST CLAIM FOR RELIEF
### (Defendants Sequium Asset Solution d/b/a Focus Receivable Management)
### 15 U.S.C. § 1692e(8)

17. Mr. Nealy re-alleges and reincorporates all previous paragraphs as if fully set out herein.

18. The Debt Collector violated the FDCPA.

19. The Debt Collector's violations include, but are not limited to, the following:

> The Debt Collector violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that alleged debt was in dispute by Mr. Nealy.

20. As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Nealy actual damages, statutory damages and cost.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

21. WHEREFORE, Plaintiff Mr. Nealy respectfully demands a jury trial and

requests that judgment be entered in favor of Plaintiff and against the Debt

Collector for:

    A.    Judgment for the violations occurred for violating the FDCPA;

    B.    Actual damages pursuant to 15 U.S.C. § 1692k(1)(2);

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k(2);

    D.    Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3); and

    E.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law Office of Jeffrey A. Wilson, PLLC**
4141 Southwest Freeway Ste. 425
Houston, TX 77027
Phone: (713) 561-3011
Fax: (713) 583-5470
jawilson.esq@gmail.com

By: /s/ Jeffrey A. Wilson
**JEFFREY A. WILSON**
Fed No: 3062300